LEONARD KOPELMAN
DONALD G. PAIGE
ELIZABETH A. LANE
JOYCE FRANK
JOHN W. GIORGIO
BARBARA J. SAINT ANDRE
JOEL B. BARD
JOSEPH L. TEHAN, JR.
THERESA M. DOWDY
DEBORAH A. ELIASON
RICHARD BOWEN
DAVID J. DONESKI
JUDITH C. CUTLER
KATHLEEN E. CONNOLLY
DAVID C. JENKINS
MARK R. REICH
BRIAN W. RILEY
DARREN R. KLEIN
JONATHAN M. SILVERSTEIN

EDWARD M. REILLY
DIRECTOR WESTERN OFFICE

WILLIAM HEWIG III
JEANNE S. McKNIGHT

KOPELMAN AND PAIGE, P. C.

ATTORNEYS AT LAW

31 ST. JAMES AVENUE

BOSTON, MASSACHUSETTS 02116-4102

(617) 556-0007
FAX (617) 654-1735

PITTSFIELD OFFICE
(413) 443-6100

NORTHAMPTON OFFICE
(413) 585-8632

WORCESTER OFFICE
(508) 752-0203

KATHLEEN M. O'DONNELL
SANDRA M. CHARTON
PATRICIA A. CANTOR
THOMAS P. LANE, JR.
MARY L. GIORGIO
THOMAS W. McENANEY
KATHARINE GOREE DOYLE
GEORGE X. PUCCI
LAUREN F. GOLDBERG
JASON R. TALERMAN
JEFFREY A. HONIG
MICHELE E. RANDAZZO
GREGG J. CORBO
RICHARD T. HOLLAND
LISA C. ADAMS
ELIZABETH R. CORBO
MARCELINO LA BELLA
VICKI S. MARSH
JOHN J. GOLDROSEN
SHIRIN EVERETT
BRIAN E. GLENNON, II
JONATHAN D. EICHMAN
LAURA H. PAWLE
TODD A. FRAMPTON
JACKIE COWIN
SARAH N. TURNER

March 3, 2004

SCANNED
DATE: 3/5/04
BY: [signature]

Clerk
U.S. District Court
District of Massachusetts
U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

Re:   Earthsource, Inc. v. Town of Raynham, et al.
      United Stated District Court, C.A. No. 04-10373REK

Dear Sir/Madam:

Enclosed for filing please find the certified state court docket entries in this matter.

Thank you for your attention to this matter. Please call me if you have any questions regarding this matter.

Very truly yours,

[signature]

Mark R. Reich

MRR/cmt
Enc.
cc:   Board of Selectmen (w/o enc.)
      Joel Kozol, Esq.
      Daniel Morrison, Esq. (MAS-0037425) (w/o enc.)
215099/Metg/0532

Commonwealth of Massachusetts
PLYMOUTH SUPERIOR COURT
Case Summary
Civil Docket

## PLCV2004-00094
### Earthsource, Inc. v Raynham, Town of et al

| | | | | |
|---|---|---|---|---|
| **File Date** | 01/21/2004 | **Status** | Disposed: transfered to other court (dtrans) | |
| **Status Date** | 02/26/2004 | **Session** | A - Civil A - CtRm 4 (Brockton) | |
| **Origin** | 1 | **Case Type** | E99 - Miscellaneous | |
| **Lead Case** | | **Track** | X | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 04/20/2004 | **Answer** | 06/19/2004 | **Rule12/19/20** | |
| **Rule 15** | | **Discovery** | | **Rule 56** | |
| **Final PTC** | 07/19/2004 | **Disposition** | 08/18/2004 | **Jury Trial** | Unknown |

PARTIES

**Plaintiff**
Earthsource, Inc.
Active 01/21/2004

**Private Counsel** 549593
Michael P Morizio
53 State Street
Boston, MA 02109
Phone: 617-227-5540
Fax:
Active 01/21/2004 Notify

**Defendant**
Raynham, Town of
Service pending 01/21/2004

**Defendant**
Gordon Luciano
indiv. & member of Raynham Bd. of Health
Service pending 01/21/2004

**Defendant**
Donald L. McKinnon
indiv. & member of Raynham Bd. of Health
Service pending 01/21/2004

A TRUE COPY ATTEST

*[signature]*

CLERK

MAS-20031124　Case 1:04-cv-10373-REK　Document 4　Filed 03/04/2004　Page 3 of 20　03/01/2004
mullinsj　　　　　　　　　　　Commonwealth of Massachusetts　　　　　　　　　　　　　　12:00 PM
　　　　　　　　　　　　　　　　　PLYMOUTH SUPERIOR COURT
　　　　　　　　　　　　　　　　　　　　Case Summary
　　　　　　　　　　　　　　　　　　　　Civil Docket

# PLCV2004-00094
## Earthsource, Inc. v Raynham, Town of et al

**Defendant**
Raymond Platt
indiv. & member of Raynham Bd. of Health
Service pending 01/21/2004

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 01/21/2004 | 1.0 | Complaint & civil action cover sheet filed and demand Trial by Jury (chk 200.75 recvd., 75.00 cash) |
| 01/21/2004 | | Origin 1, Type E99, Track X. |
| 02/26/2004 | 2.0 | Case REMOVED this date to US District Court of Massachusetts by defts atty. Mark R Reich |

### EVENTS

| Date | Session | Event | Result |
|---|---|---|---|
| 01/21/2005 | Civil A - CtRm 4 (Brockton) | Status: Review Annual Fee | Event cancelled - Case Settled |

2-26-04

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.                                                       SUPERIOR COURT
                                                                    C.A. NO. 2004-00094

EARTHSOURCE, INC.,

    Plaintiff

v.                                                                  WRITTEN NOTICE OF REMOVAL
                                                                    TO FEDERAL COURT
THE TOWN OF RAYNHAM, GORDON D.                                      PURSUANT TO 28 U.S.C. §1446(d)
LUCIANO, DONALD L. MCKINNON,
RAYMOND W. PLATT, individually & as
members of the Raynham Board of Health,

    Defendants

TO:  Earth Source, Inc.                           AND:  Clerk, Civil
                                                        Plymouth Superior Court
     Through his attorney,                              Brockton Division
                                                        Court House
     Joel Kozol, Esq.                                   72 Belmont Street
     Friedman & Atherton, LLP                           Brockton, MA 02301
     53 State Street
     Boston, MA  02109

    Please take notice that a Notice of Removal of the above-captioned action from the Superior Court of the Commonwealth of Massachusetts, Plymouth County, to the United States District Court for the District of Massachusetts (a copy of which Notice of Removal is annexed hereto) was duly filed in the United States District Court for the District of Massachusetts.

    Please take further notice of this Notice and a copy of the Notice of Removal has been duly filed with the Clerk of the Superior Court of the Commonwealth of Massachusetts, Plymouth County, which filing removes this action and, in accordance with 28 U.S.C. §1446(d),

A TRUE COPY ATTEST

[signature]
CLERK

the Superior Court shall proceed no further herein unless and until the case is remanded by the United States District Court.

DEFENDANTS,

By their attorneys,

*[signature]*

Mark R. Reich (BBO# 553212)
Joseph L. Tehan, Jr. (BBO# 494020)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

214418/Metg/0532

2

## CERTIFICATE OF SERVICE

I, Mark R. Reich, hereby certify that on the below date, I served a copy of the foregoing Written Notice of Removal to Federal Court Pursuant to 28 U.S.C. §1446(d), by first class mail, postage prepaid, to the following counsel of record:

> Joel Kozol, Esq.
> Friedman & Atherton, LLP
> 53 State Street
> Boston, MA 02109

Dated: 2-25-04

Mark R. Reich

214424/Metg/0532

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
C.A. NO. 2004-00094

EARTHSOURCE, INC.,

    Plaintiff

v.

THE TOWN OF RAYNHAM, GORDON D. LUCIANO, DONALD L. MCKINNON, RAYMOND W. PLATT, individually & as members of the Raynham Board of Health,

    Defendants

NOTICE OF REMOVAL

04 CV 10373 REK

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

Now come the defendants pursuant to the provisions of 28 U.S.C. §§1441 and 1446, and hereby file notice of the removal of this action from the Superior Court of the Commonwealth of Massachusetts, County of Plymouth, where it is currently pending, based upon the following grounds:

1.     This is an action in which the plaintiff alleges violations of its civil rights under the Fourteenth Amendment to the U.S. Constitution and seeks relief presumably pursuant to 42 U.S.C. §1983) (Count IV). See Complaint, ¶46-51, affixed hereto and incorporated by reference. The plaintiff also asserts state law claims: that the defendants issued a prohibitive order in violation of state Law (Count I); declaratory judgment (Count II); and a request for annulment of a site assignment (Count III).

2.     This Court has jurisdiction over the plaintiff's constitutional claims pursuant to 28 U.S.C. §1441.

1-21-04

04-00094A

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT

PLYMOUTH, ss                                    SUPERIOR COURT DEPARTMENT
                                                DOCKET NO.

EARTHSOURCE, INC.,            )
                              )
    Plaintiff                 )
                              )
v.                            )
                              )
THE TOWN OF RAYNHAM,          )
GORDON D. LUCIANO,            )
DONALD L. MCKINNON,           )
RAYMOND W. PLATT,             )
individually & as members of  )
the Raynham Board of Health   )
                              )
    Defendants                )
                              )



FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

COMPLAINT       CLERK

## Parties

1.  Plaintiff, EarthSource Inc., is a Massachusetts corporation with a principal place of business at 15 Chilton Road, Brockton, Massachusetts.

2.  Defendant, Town of Raynham, is a municipality organized pursuant to the laws of the Commonwealth of Massachusetts.

3.  Defendant, Gordon D. Luciano, is a member of the Board of Health for the Town of Raynham and upon information and belief resides at 259 Darrington Drive, Raynham, Massachusetts.

4.  Defendant, Donald L. McKinnon, is a member of the Board of Health for the Town of Raynham and upon information and

$200.75 check
75.00 cash

Page 1 of 12

A TRUE COPY ATTEST

CLERK

   belief resides at 147 Richmond Street, Raynham, Massachusetts.

5. Defendant, Raymond W. Platt, is a member of the Board of Health for the Town of Raynham and upon information and belief resides at 105 High Ridge Drive, Raynham, Massachusetts.

## Jurisdiction

6. The Court has jurisdiction to annul defendants' actions pursuant to M.G.L. c. 111, §147, and to award damages pursuant to M.G.L. c. 111, §150.

7. The Court has jurisdiction to issue declaratory determinations pursuant to M.G.L. c. 231A, §1.

8. The Court has jurisdiction to award relief and damages on plaintiff's civil rights claims pursuant to M.G.L. c.12, §11I.

## Facts

9. Plaintiff's business is the ownership and operation of wastewater treatment plants that process septage from residential septic systems and food grease largely removed from restaurants. The design and operation of these facilities are subject to extensive regulation by the Massachusetts Department of Environmental Protection (hereinafter, the "Department").

10. This litigation concerns a prohibitive order and a so-called site assignment issued by the Raynham Board of Health pursuant to the noisome trade statute, M.G.L. c. 111, §143 (hereinafter, the "Nuisance Statute"). The Nuisance Statute provides that a Board of Health may issue a site assignment only after public hearings and only upon findings that a trade or employment may result in a nuisance, or be harmful or dangerous to public health, or be attended by noisome and injurious odors. Defendants' order prohibits the use, operation and occupancy of plaintiff's wastewater treatment facility to be located at the rear of 1958 Broadway (Route 138), Raynham, Massachusetts (hereinafter, the "Facility").

11. The site where the Facility will be located is industrial zoned and is located off a Massachusetts State Highway known as Route 138 (hereinafter, the "Site"). The Facility is an allowed use under local zoning bylaws.

12. On February 14, 2003, plaintiff submitted detailed plans and specifications of the Facility to the Department for its review and approval. The Department will only approve the Facility if it determines that the Facility will not create a nuisance and will not otherwise be harmful to persons or the environment. The Department's determination includes compliance with its regulations at: 310 CMR 32.30(5), *facility cannot create a nuisance or threat to public health or to the environment*; 310 CMR 7.09(1), *prohibition against offensive dust and odors*; 310 CMR 7.10(1), *Department's noise regulations*; 310 CMR 32.13(6) and Table 32.13, *extensive testing requirements*; and 310 CMR 32.40(2), *transportation requirements*.

13. On June 27, 2003, the Department held a public hearing to receive comments or objections to the Facility. The defendants were notified of the public hearing. No objections or comments were received from the defendants or from anyone else.

14. On December 8, 2003, the Department issued its approval of the Facility expressly finding that " . . . *the proposed wastewater treatment facility has been designed in accordance with its* [Department's] *current guidelines and in a manner that protects the public health and the environment*". The Department's approval is attached hereto as <u>Exhibit A</u>.

15. Plaintiff's Facility will be discharging effluent into the Raynham municipal sewer system. The Raynham municipal sewer system consists largely of pipes and pumping facilities that transport sewerage to a municipal wastewater treatment plant located in Taunton, Massachusetts, and which is owned and operated by the City of Taunton. This inter-municipal arrangement exists pursuant to an agreement between the Town of Raynham and the City of Taunton dated January 2, 1973 (hereinafter, the "<u>1973 Inter-Municipal Sewer Agreement</u>").

16. The defendant Town of Raynham has an elected Board of Sewer Commissioners. Pursuant to M.G.L. c. 41, §65, the Raynham Sewer Commissioners have the exclusive power and duty to enter into any agreements with the City of Taunton that may amend or supercede the 1973 Inter-Municipal Sewer Agreement.

17. As required by M.G.L. c. 21, §43 and 310 CMR 7.03, on or

about February 14, 2003, plaintiff applied to the Department for a Sewer System Connection Permit. The Permit would allow the Facility to connect to the Raynham municipal sewer system.

18. On February 13, 2003, the Raynham Sewer Commissioners approved plaintiff's application to the Department for a Sewer System Connection Permit.

19. On June 27, 2003, the Department held a public hearing to receive comments or objections to plaintiff's application for a Sewer System Connection Permit. The defendants were notified of the public hearing. No objections or comments were received from the defendants, or from the City of Taunton, or from anyone else.

20. On December 8, 2003, the Department issued the Sewer Connection Permit for the Facility. A copy of the Permit is attached hereto as <u>Exhibit B</u>.

21. As of December 8, 2003, plaintiff had received all governmental permits and approvals required by law to connect the Facility to the Raynham municipal sewer system.

22. As of December 8, 2003, plaintiff had received all governmental permits and approvals required by law to construct and operate the Facility.

COUNT I - <u>Prohibitive Order</u>

23. Plaintiff restates herein all of the averments contained in each of the preceding paragraphs.

24. On or about May 2003, the defendants asserted that the Facility categorically required a site assignment pursuant to the Nuisance Statute. Plaintiff objected to the defendant's assertion as no public hearing had been held as required by the Nuisance Statute, and further because there was no rational basis for a site assignment since the Facility could not operate unless the Department first determined that the Facility would not be harmful or dangerous to public health or the environment, and that no noisome or nuisance conditions would exist.

25. The defendants, pursuant to the Nuisance Statute, opened public hearings on June 24, 2003, which were continued and closed on December 9, 2003. The defendants made oral findings and determinations during the public hearings that the Facility would <u>not</u> result in a nuisance, would <u>not</u> be harmful or dangerous to public health, and would <u>not</u> be attended by noisome and injurious odors.

26. The defendants' findings and determinations were entirely consistent with the findings and determinations by the Department when the Department approved the Facility on December 8, 2003.

27. The defendants were precluded from issuing a site assignment or prohibitive order under the Nuisance Statute because the

defendants' findings and determinations held that the Facility would <u>not</u> result in a nuisance, would <u>not</u> be harmful or dangerous to public health, and would <u>not</u> be attended by noisome and injurious odors.

28. Notwithstanding defendants' findings and determinations, and their inability at law to issue a site assignment or prohibitive order, defendants issued a so-called site assignment dated December 23, 2003. A copy of the site assignment is attached hereto as <u>Exhibit C</u>.

29. The site assignment restated the defendants' findings and determinations that the Facility would <u>not</u> result in a nuisance, would <u>not</u> be harmful or dangerous to public health, and would <u>not</u> be attended by noisome and injurious odors.

30. The site assignment included a prohibitive order at paragraph 5 (page 5 of 6) that concerned the 1973 Inter-Municipal Sewer Agreement (hereinafter, the "<u>Prohibitive Order</u>").

31. The Prohibitive Order states:

*"Due to the Facility's large daily treatment capacity of 99,500 gallons, **no occupancy permit shall be granted** until such time as an inter-municipal sewer agreement between the City of Taunton and the Town of Raynham - amending and/or replacing such an agreement which was previously executed by the City of Taunton and the Town of Raynham - has been authorized and executed. This restriction shall not prevent the proponent [plaintiff] from obtaining a building permit and constructing the facility. If the proponent undertakes to construct the facility prior to the authorization and execution of such inter-municipal agreement, such undertaking is a proponent's own risk."*

(Emphasis supplied.)

32. On information and belief, the defendant members of the Board of Health, acting in their alter-position as Raynham Selectmen, have been unsuccessfully attempting to renegotiate the 1973 Inter-Municipal Sewer Agreement with the City of Taunton.

33. The Raynham Sewer Commissioners are the only municipal officials empowered to enter into a renegotiated 1973 Inter-Municipal Sewer Agreement on behalf of the Town of Raynham.

34. The defendant members of the Board of Health have willfully and intentionally, and in bad-faith, used the Prohibitive Order as a device to wrongfully influence the renegotiation of the 1973 Inter-Municipal Sewer Agreement and to usurp the exclusive authority of the Raynham Sewer Commissioners.

35. The status of renegotiations regarding the 1973 Inter-Municipal Sewer Agreement has no rational relationship to the Facility or to the Nuisance Statute. As such, the Nuisance Statute does not empower the defendants to prohibit plaintiff's Facility from operating until the 1973 Inter-Municipal Sewer Agreement is renegotiated.

36. The defendants have no authority under the Nuisance Statute to enjoin or prohibit other municipal officials from issuing occupancy permits for the Facility.

37. The Prohibitive Order exceeds the authority of the defendants which was conferred upon or delegated to them by the Nuisance Statute, and accordingly, the Prohibitive Order is *ultra vires* and invalid.

38. The Prohibitive Order is arbitrary and capricious.

39. Plaintiff has been injured by the defendants' unlawful actions. Plaintiff's damages are no less than $7,000 per day for each day that the Prohibitive Order exists.

WHEREFORE, the plaintiff prays that this honorable Court:

    (a)  Annul the Prohibitive Order in its entirety; and
    (b)  Award damages to the plaintiff; and
    (c)  Award reasonable legal fees and costs to plaintiff; and
    (d)  Grant whatever other relief that the Court deems just.

### Count II - Declaratory Judgment

40. Plaintiff restates herein all of the averments contained in each of the preceding paragraphs.

41. The Nuisance Statute does not apply to the Facility because a waste water treatment plant is neither a trade or employment.

42. The General Court, by various statutes, has mandated that wastewater treatment plants shall be regulated by the Department, and not by Boards of Health pursuant to the Nuisance Statute.

43. By reason of the foregoing, the plaintiff seeks a declaratory judgment that the Facility does not fall within the jurisdiction of the Nuisance Statute.

WHEREFORE, the plaintiff prays that this honorable Court:

    (a)    Enter judgment declaring that the Facility is not a trade or employment within the meaning of the Nuisance Statute; and

    (b)    Enter judgment declaring that the Nuisance Statute does not apply to wastewater treatment facilities which are exclusively under the regulation of the Department; and

    (c)    Grant whatever other relief that the Court deems just.

### Count III- Annulment of Site Assignment

44. Plaintiff restates herein all of the averments contained in each of the preceding paragraphs.

45. The defendants acted arbitrarily and capriciously, and exceeded their authority, in issuing the site assignment. Accordingly, the site assignment is *ultra vires* and invalid.

WHEREFORE, the plaintiff prays that this honorable Court:

    (a)    Annul the site assignment in its entirety; and
    (b)    Award damages to the plaintiff; and
    (c)    Award reasonable legal fees and costs to plaintiff; and
    (d)    Grant whatever other relief that the Court deems just.

Count IV - <u>Civil Rights</u>

46. Plaintiff restates herein all of the averments contained in each of the preceding paragraphs.

47. Defendant members of the Board of Health have knowingly and intentionally, and in bad-faith, acted to deny the plaintiff its right to equal protection under the law as provided by the Fourteenth Amendment to the U.S. Constitution and Pt.1, Art. 1, of the Massachusetts Constitution.

48. Defendant members of the Board of Health, have knowingly and intentionally, and in bad-faith, acted to deny the plaintiff its unalienable right to enjoy and defend its liberties and to possess and protect its property as provided by Pt.1, Art. 1, of the Massachusetts Constitution.

49. Defendants have knowingly and intentionally, and in bad-faith, denied plaintiff its civil rights as secured by the U.S. Constitution, Massachusetts Constitution, and by the laws of the Commonwealth of Massachusetts.

50. Plaintiff has been injured by the defendants' unlawful actions. Plaintiff's damages are no less than $7,000 per day.

51. The Defendant members of the Board of Health, each in their personal and individual capacity, are jointly and separately liable to the plaintiff for its damages as provided by M.G.L. c. 12, §11I.

WHEREFORE, the plaintiff prays that this honorable Court:

(a) Enter judgment for the plaintiff against the defendant Town of Raynham, and against the defendants Luciano, McKinnon and Platt in their individual and personal capacities; and

(b) Award damages to the plaintiff payable by each and all of defendants Luciano, McKinnon and Platt in their individual and personal capacities; and

(c) Award damages to the plaintiff payable by the defendant Town of Raynham; and

(d) Award reasonable legal fees and costs to plaintiff; and

(e) Grant whatever other relief that the Court deems just.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

EARTHSOURCE, INC.

By its attorneys,

_____
Joel A. Kozol, BBO #270620
Michael P. Morizio, BBO #549593
Friedman & Atherton LLP
53 State Street
Boston, MA 02109
617-227-5540

Dated: January 14, 2004

A