UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 04-10373-REK

EARTHSOURCE, INC.,

    Plaintiff

v.

THE TOWN OF RAYNHAM, GORDON D. LUCIANO, DONALD L. MCKINNON, RAYMOND W. PLATT, individually & as members of the Raynham Board of Health,

    Defendants

ANSWER OF DEFENDANTS

## PARTIES

1. The defendants admit that the entity set forth in the first sentence of Paragraph 1 also appears in the caption of the Complaint. The defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

## JURISDICTION

6. The defendants state that Paragraph 6 comprises contentions as to matters of law to which no response is required. To the extent that an answer is required, the allegations contained in Paragraph 6 are denied.

7. The defendants state that Paragraph 7 comprises contentions as to matters of law to which no response is required. To the extent that an answer is required, the allegations of Paragraph 7 are denied.

8. The defendants state that Paragraph 8 comprises contentions as to matters of law to which no response is required. To the extent that an answer is required, the allegations of Paragraph 8 are denied.

## FACTS

9. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 9. The defendants state that the second sentence of Paragraph 9 comprises contentions as to matters of law to which no response is required. To the extent that an answer is required, the allegations of Paragraph 9 are denied.

10. The defendants state that the first two sentences of Paragraph 10 comprise contentions as to matters of law to which no response is required. To the extent that an answer is required, the allegations contained in the first two sentences of Paragraph 10 are denied. The defendants admit that the Board of Health issued an order regarding the plaintiff's facility. The defendants state further that the order speaks for itself.

11. The defendants admit the allegations contained in the first sentence of Paragraph 11. The defendants state that the second sentences of Paragraph 11 comprises contentions as to matters of law to which no response is required. To the extent that an answer is required, the allegations contained in the second sentence of Paragraph 11 are denied.

12. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 12. The defendants

state that the remaining allegations contained in Paragraph 12 comprise contentions as to matters of law to which no response is required. To the extent that an answer is required, the remaining allegations of Paragraph 12 are denied.

13. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14. Further answering, said defendants state that Exhibit A to the Complaint speaks for itself.

15. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 15. The defendants admit the allegations contained in the second sentence of Paragraph 15. The remaining allegations contained in Paragraph 15 are denied.

16. The defendants admit the allegations contained in the first sentence of Paragraph 16. The remaining allegations contained in Paragraph 16 are denied.

17. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.

18. Admitted.

19. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 19. The remaining allegations contained in Paragraph 19 are denied.

20. The defendants state that the permit at issue comprises Exhibit B to the Complaint and that said exhibit speaks for itself.

21. Denied.

22. Denied.

## COUNT I – PROHIBITIVE ORDER

23. The defendants restate and incorporate by reference their answers to all of the allegations set forth in Paragraphs 1 through 22 as if fully set forth herein.

24. The defendants admit that the Board of Health notified the plaintiff that the Board of Health would be holding a hearing pursuant to the provisions of G.L. c. 111, § 143. The defendants admit that the plaintiff objected to the applicability of the provisions of G.L. c. 111, § 143 to the proposed facility. The defendants state that the remaining allegations contained in Paragraph 24 comprise contentions as to matters of law to which no response is required. To the extent that an answer is required, the remaining allegations of Paragraph 24 are denied.

25. Admitted that the Board of Health conducted a hearing and states that the findings as contained in the site assignment speak for themselves.

26. Denied.

27. Denied.

28. Admitted that the Board of Health issued a site assignment, and that Exhibit C comprises a fair and accurate copy of same. The remaining allegations contained in Paragraph 28 are denied.

29. The defendants state that the site assignment speaks for itself. To the extent that an answer is required, the remaining allegations of Paragraph 29 are denied.

30. Denied.

31. Denied that the site assignment contains a "prohibitive order." The defendants admit only that Paragraph 31 substantially quotes a portion of the site assignment. Denied that the substantially quoted portions of the site assignment comprise a "prohibitive order."

4

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

## COUNT II – DECLARATORY JUDGMENT

40. The defendants restate and incorporate by reference their answers to all of the allegations set forth in Paragraphs 1 through 39 as if fully set forth herein.

41. Denied.

42. Denied.

43. The defendants deny that the plaintiff is entitled to declaratory judgment.

## COUNT III – ANNULMENT OF SITE ASSIGNMENT

44. The defendants restate and incorporate by reference their answers to all of the allegations set forth in Paragraphs 1 through 43 as if fully set forth herein.

45. Denied.

## COUNT IV – CIVIL RIGHTS

46. The defendants restate and incorporate by reference their answers to all of the allegations set forth in Paragraphs 1 through 45 as if fully set forth herein.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

## DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Complaint should be dismissed for failure to comply with the statute of limitations.

### THIRD DEFENSE

Plaintiff fails to state a claim upon which relief may be granted because it has failed to allege that the defendants' conduct deprived it of a federal constitutional right.

### FOURTH DEFENSE

The claims arising out of the subject matter of the transaction and occurrences alleged are barred as the defendants were carrying out Board of Health functions in good faith.

### FIFTH DEFENSE

The actions and conduct of the defendants, to the extent they occurred as alleged, were undertaken in the good faith performance of their official duties without malice and were therefore privileged under applicable law.

### SIXTH DEFENSE

Plaintiff's action is barred on the basis that plaintiff has an adequate state remedy.

### SEVENTH DEFENSE

The Complaint fails to state a claim for which punitive damages are available against any defendant.

## EIGHTH DEFENSE

The defendants state that this action consists of a claim based upon the performance or failure to perform a discretionary function or duty on the part of a public employer and public employees acting within the scope of their office or employment, and, therefore, the plaintiff cannot recover in this action.

## NINTH DEFENSE

The defendants' actions, to the extent they occurred as alleged, are immune from suit as they were discretionary functions.

## TENTH DEFENSE

The actions and conduct of the individual defendants, to the extent they occurred as alleged, were objectively reasonable under the circumstances of which they were aware, and they enjoy a qualified immunity from suit and all liability arising therefrom.

## ELEVENFTH DEFENSE

The actions and conduct of the individual defendants, to the extent they occurred as alleged, did not violate any clearly established constitutional or statutory rights of which they reasonably should have been aware and they are therefore entitled to qualified immunity.

## TWELFTH DEFENSE

The municipal defendant denies all of plaintiff's allegations of wrongful conduct and states there is no custom or policy amounting to a constitutional violation.

## THIRTEENTH DEFENSE

The plaintiff's Complaint is barred by its failure to exhaust administrative remedies.

### FOURTEENTH DEFENSE

To the extent that the Complaint purports to set forth a claim of disparate treatment, such claim must be dismissed due to plaintiff's failure to identify and compare itself to similarly-situated entities.

### FIFTEENTH DEFENSE

The Complaint fails to state a claim for individual capacity liability.

### SIXTEENTH DEFENSE

Plaintiff has failed to mitigate its claimed damages.

### SEVENTEENTH DEFENSE

Plaintiff has failed to plead a cognizable equal protection claim pursuant to the United States or Massachusetts Constitutions by failing to identify any similarity situated entity which received different treatment by the defendants, or by alleging arbitrary and capricious conduct unrelated to a legitimate municipal purpose.

### EIGHTEENTH DEFENSE

Plaintiff has failed to plead a cognizable due process claim pursuant to the United States or Massachusetts Constitutions insofar as it received all process due it and because of the existence of adequate state law remedies.

### NINTEENTH DEFENSE

Plaintiff's claims pursuant to G.L. c. 12, § 11I must be dismissed for failure to plead and establish the requisite "threats, coercion or intimidation" pursuant to said statute.

### TWENTIETH DEFENSE

The Complaint fails to state a claim for which relief can be granted in that plaintiff has failed to plead any actual damages.

## TWENTY-FIRST DEFENSE

The Complaint should be dismissed for lack of subject matter jurisdiction.

## TWENTY-SECOND DEFENSE

The Board of Health acted at all times relevant hereto in good faith and within its statutory discretion.

## TWENTY-THIRD DEFENSE

The Board of Health acted within its authority under G.L. c.111, §143.

## TWENTY-FIFTH DEFENSE

The plaintiff's Complaint should be dismissed because the plaintiff has failed to comply with the statutory prerequisites regarding notice.

## TWENTY-SIXTH DEFENSE

The action filed by the plaintiffs is frivolous, wholly unsubstantial and not advanced in good faith, entitling the defendants to recovery of all costs, expenses and attorneys' fees associated with the defense of this case.

WHEREFORE, the defendants respectfully request this Honorable Court to dismiss the plaintiff's Complaint.

DEFENDANTS,
THE TOWN OF RAYNHAM,
GORDON D. LUCIANO,
DONALD L. MCKINNON,
RAYMOND W. PLATT

By their attorneys,

Mark R. Reich (BBO #553212)
Joseph L. Tehan, Jr. (BBO# 494020)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 3-16-04