UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No.04-10373-REK

)
EARTHSOURCE, INC.,                              )
    Plaintiff,                                  )
                                                )
v.                                              )  REQUEST FOR ORAL ARGUMENT
                                                )
THE TOWN OF RAYNHAM, GORDON D.                  )
LUCIANO, DONALD L. MCKINNON,                    )
RAYMOND W. PLATT, individually &                )
as members of the Raynham Board                 )
of Health,                                      )
    Defendants.                                 )
                                                )

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ON COUNT IV OF THE COMPLAINT PURSUANT TO FED.R.CIV.P.12(C)**

I.  INTRODUCTION

    Plaintiff EarthSource ("EarthSource") filed a four count complaint against the Town of Raynham ("Town") and Gordon D. Luciano, Donald L. McKinnon, Raymond W. Platt, in their individual and official capacities and as members of the Raynham Board of Health (hereinafter collectively referred to as the "Defendants") after the Defendants improperly issued a site assignment (the "Site Assignment") pursuant to the Noisome Trade Statute, M.G.L. c. 111, §143.  The Site Assignment explicitly prohibited EarthSource from receiving a certificate of occupancy for its proposed wastewater treatment facility until such time as the Town and the City of Taunton renegotiated an inter-municipal sewer agreement.  The Complaint alleges that the Defendants issued the Site Assignment in an attempt to improperly influence

the renegotiations of the inter-municipal sewer agreement.

Count IV of the Complaint charges that the Defendants' actions deprived EarthSource of its property rights without due process of law and that its actions violated the Massachusetts Civil Rights Act ("MCRA"). As argued more fully below, EarthSource states a claim upon which relief can be granted.

II. <u>FACTS</u>

1. EarthSource's business is the ownership and operation of wastewater treatment plants that process septage from residential septic systems and food grease largely removed from restaurants. Complaint ¶9.

2. EarthSource proposed building a wastewater treatment facility to be located at the rear of 1958 Broadway (Route 138), Raynham, Massachusetts (the "Facility") which is industrially zoned and is located off a Massachusetts State Highway known as Route 138 (the "Site"). <u>Id</u>. ¶¶9, 11.

3. EarthSource's Facility will be discharging effluent into the Raynham municipal sewer system. <u>Id</u>. ¶15.

4. Raynham and Taunton have an inter-municipal sewer agreement which the Defendants have been attempting to renegotiate for years, despite the fact that Raynham has a Board of Sewer Commissioners who have exclusive authority over the sewer systems. <u>Id</u>. ¶32.

5. EarthSource has received all of its necessary permits, including its sewer connection permit, from the appropriate agencies which would allow it to operate its Facility. Id. ¶¶ 17, 18.

6. On or about May 2003, Defendants, acting in their capacity as the Raynham Board of Health, asserted that the Facility required a site assignment pursuant to the Noisome Trade Statute, M.G.L. c. 111, §143. Id. ¶24.

7. After holding hearings, on December 23, 2003, the Defendants issued a site assignment pursuant to M.G.L. c.111, §143. Complaint ¶28. The site assignment concluded that the Facility would *not* result in a nuisance, would *not* be harmful or dangerous to the public health, and would *not* be attended by noisome and injurious odors. Id. ¶25.

8. Despite its findings, the Raynham Board of Health ("RBOH") issued a site assignment and included in it a prohibitive order prohibiting EarthSource from receiving its certificate of occupancy until such time as an inter-municipal sewer agreement is authorized and executed between the Town of Raynham and the City of Taunton. (the "Prohibitive Order"). Id. ¶31.

9. The Defendants issued the site assignment restricting EarthSource's ability to obtain its certificate of occupancy in order to improperly usurp the authority of the Board of Sewer Commissioners and in an attempt to influence the renegotiation of

3

the inter-municipal sewer agreement.

III. ARGUMENT

    A. Standard of Review for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c)

The standard for evaluating the sufficiency of a Complaint under Fed. R. Civ. P. 12(c) is well settled. The Court "must accept all of the nonmovant's well-pleaded factual averments as true, and draw all reasonable inferences in his favor." Pasdon v. City of Peabody, 330 F.Supp.2d 22, 24 (D.Mass. 2004) quoting Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988). The plaintiff's claim should only be dismissed for failure to state a claim when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which [sic] would entitle him to relief." Id. See Moghaddam v. Dunkin' Donuts, Inc., 295 F.Supp.2d 136, 138 (D.Mass. 2003); Petricca v. Gardner, 194 F.Supp.2d 1, 4 (D.Mass. 2002); Santiago de Castro v. Morales Medina, 943 F.2d 129, 130 (1st Cir. 1991). See also Leatherman v. Tarrant County Narcotics & Intelligence Coordination Unit, 507 U.S. 163, 168 (1993) (holding federal courts may not apply a heightened pleading standard in civil rights cases). The Court's inquiry is restricted to whether the plaintiff should be entitled to offer evidence to support a claim rather than whether the plaintiff will ultimately prevail. Moghaddam v. Dunkin' Donuts, Inc., 295 F.Supp.2d 136, 139

4

(D.Mass. 2003).

As detailed below, Count IV of EarthSource's Complaint, and any inferences contained therein, states a claim upon which relief may be granted.

   B. EarthSource's Complaint States A Claim Upon Which Relief May Be Granted With Respect To Its Substantive Due Process Violation.

The Fourteenth Amendment to the United States Constitution and Article 12 of the Massachusetts Constitution protects an individual from the deprivation of his life, liberty or property without due process of law. See U.S. Const. Amend. XIV; Mass. Const. Art. 12. The substantive due process analysis is the same under both Article 12 of the Massachusetts Constitution and the Fourteenth Amendment. Walden v. Board of Registration in Nursing, 395 Mass. 263, 270, 479 N.E.2d 665, 671 (Mass. 1985); Blue Hills Cemetery, Inc. v. Board of Registration in Embalming & Funeral Directing, 370 Mass. 368, 372, 398 N.E.2d 471 (1979).

The substantive component of due process focuses on whether or not the action taken by the government was impermissible, irregardless of the procedural protections afforded to the individual. See Brown v. Hot, Sexy and Safer Productions, Inc., 68 F.3d 525 (1st Cir. 1995); Amsden v. Moran, 904 F.2d 748, 754 (1st Cir. 1990). The First Circuit Court of Appeals further described a substantive due process claim as follows:

5

> [A] substantive due process claim implicates the essence of state action rather than its modalities; such a claim rests not on perceived procedural deficiencies but on the idea that the government's conduct, regardless of procedural swaddling, was in itself impermissible.

Amsden v. Moran, 904 F.2d 748, 753 (1st Cir. 1990).

A plaintiff may demonstrate a violation of substantive due process under either one of two theories. Under the first theory, the plaintiff must demonstrate that he has suffered a deprivation of an identified liberty or property interest which is protected by the Fourteenth Amendment or Article 12 of the Massachusetts Constitution. Brown v. Hot, Sexy & Safer Productions, Inc., 68 F.3d 525, 531 (1st Cir. 1995); Cruz-Erazo v. Rivera-Montanez, 212 F.3d 617, 622 (1st Cir. 2000); Shabazz v. Cole, 69 F.Supp.2d 177, 200 (D.Mass. 1999). Under the second theory, the plaintiff does not have to demonstrate a deprivation of a specific property interest or liberty, but, he must prove that the state's conduct "shocks the conscience" of the court. Brown v. Hot, Sexy & Safer Productions, Inc., 68 F.3d 525, 531 (1st Cir. 1995); Cruz-Erazo v. Rivera-Montanez, 212 F.3d 617, 622 (1st Cir. 2000); Shabazz v. Cole, 69 F.Supp.2d 177, 200 (D. Mass. 1999). In this case, EarthSource can demonstrate a violation of its substantive due process rights under both theories.

The Defendants improperly classify this case as a "planning dispute". The deprivation of rights which the Plaintiff suffered in this case go to the heart of the interests protected by the

6

United States Constitution as well as the Massachusetts Constitution - an individual's property rights. The Defendants' argument completely ignores the precise language of M.G.L. c. 111, §143 (the "Nuisance Statute"), the statute under which the Defendants acted. The Nuisance Statute explicitly gives a Board of Health the ability to regulate a trade which is harmful to the public health or may become harmful to the public health. M.G.L. c. 111, §143. If a Board of Health determines that a trade is harmful or may became harmful to the public health, the harmful trade may only be established in a town or city after it has been assigned a location by the Board of Health. Id. The Nuisance Statute only addresses "noisome trades" and it does not give a Board of Health the authority to act as a planning board.

The Defendants, in issuing a site assignment pursuant to the Nuisance Statute, deprived EarthSource of at least three of its specifically protected property interests as defined by both the Massachusetts Constitution and the United States Constitution - the right to engage in a lawful occupation of one's choosing; the right to possess property without the State imposing unduly burdensome restrictions on the individual's use of the property; and, the individual's right to develop its own property in accordance with the individual's concept of profit.

An individual's "right to engage in any lawful occupation is an aspect of liberty and property interests protected by the

7

substantive reach of the due process clause of the Fourteenth Amendment to the United States Constitution and analogous provisions of our State Constitution." Forsyth School for Dental Hygienists v. Board of Registration in Dentistry, 404 Mass. 211, 214, 534 N.E.2d 773 (1989) quoting Blue Hills Cemetery, Inc. v. Board of Registration in Embalming & Funeral Directing, 370 Mass. 368, 372, 398 N.E.2d 471 (1979). See also Greene v. McElroy, 360 U.S. 474, 492 (1959). The language of the site assignment issued by the Defendants violates EarthSource's liberty and property interest in engaging in the lawful occupation of its choosing. Id. The site assignment states:

> Due to the Facility's large daily treatment capacity of 99,500 gallons, no occupancy permit shall be granted until such time as an inter-municipal sewer agreement between the City of Taunton and the Town of Raynham - amending and/or replacing such an agreement which was previously executed by the City of Taunton and the Town of Raynham - has been authorized and executed. This restriction shall not prevent the proponent from obtaining a building permit and constructing the facility. If the proponent undertakes to construct the facility prior to the authorization and execution of such inter-municipal agreement, such undertaking is at proponent's own risk.

(Hereinafter the "Order") Exhibit 1, p. 5.

The site assignment issued by the Defendants exceeds the limited authority given to the Defendants acting as the RBOH pursuant to the Nuisance Statute and was impermissible.

The Defendants' impermissible conduct directly deprives EarthSource of its property interests and constitutes a violation of EarthSource's substantive due process rights. The Order,

8

which prohibits EarthSource from obtaining a certificate of occupancy permit, improperly prohibits EarthSource from engaging in its trade because without a certificate of occupancy, EarthSource cannot occupy the building and therefore, it cannot conduct its business.

The Defendants' actions also constituted a taking, in violation of EarthSource's due process rights. "It is an established principle of law that a governmental regulation which unduly burdens private property interests can amount to a taking." Grenier v. Zoning Board of Appeals of Chatham, 62 Mass. App. Ct. 62, 67, 814 N.E.2d 1154 (2004) quoting Greenfield Country Estates Tenants Assn, Inc. v. Deep, 423 Mass. 81, 86 (1996). A regulation may effect a taking "if it fails substantially to advance a legitimate State interest or deprives a landowner of economically viable use of the land." Grenier v. Zoning Board of Appeals of Chatham, 62 Mass. App. Ct. 62, 67, 814 N.E.2d 1154 (2004) quoting Greenfield Country Estates Tenants Assn, Inc. v. Deep, 423 Mass. 81, 86 (1996). The issuance of the Site Assignment including the Order, effectively eliminated the properties economic viability and amounted to an illegal taking. See McAndrews v. Fleet Bank of Massachusetts, 989 F.2d 13, 18 (1st Cir. 1993)(hallmark of unconstitutional taking is the denial of the economically viable use of owner's land).

The third right the Defendants' violated is EarthSource's right to improve its land in accordance with its own concept of profit. Bell v. Mazza, 394 Mass. 176, 178, 474 N.E.2d 1111, 1113 (1985) quoting Brett v. Building Comm'r of Brookline, 250 Mass. 73, 77, 145 N.E. 269 (1924). EarthSource has the right to develop and build a wastewater treatment facility on its own land free from unnecessary and arbitrary restrictions from the Defendants. EarthSource is in compliance with all zoning, building and permitting requirements. The Order unreasonably interferes with EarthSource's property rights. Accordingly, the Defendants' action constitutes a substantive due process violation of EarthSource's property rights.

Pursuant to the second theory under which a plaintiff can demonstrate a due process violation, EarthSource can also establish that the Defendants' conduct "shocks the conscience". The courts have been reluctant to sustain substantive due process challenges in cases involving local boards making discretionary determinations concerning land use regulations, however, the courts have expressly left the door open for cases "involving gross abuse of power, invidious discrimination, or fundamentally unfair procedure." Creative Environments, Inc. v. Estabrook, 680 F.2d 822, 832 n. 9 (1st Cir. 1982). However, this is not a land use regulation case as argued more fully above and the Defendants' conduct "shocks the conscience".

10

Pursuant to M.G.L. c. 111, §143, the Defendants, acting as the RBOH, have the authority to regulate a trade or occupation by ordering an abatement or outright prohibition against a trade or occupation, if, and only if, the trade or occupation is determined to be a nuisance or it may become a nuisance. M.G.L. c. 111, §143; American Friends Service Committee of Western Massachusetts v. Commissioner of the Department of Environmental Protection, 30 Mass. App. Ct. 457, 460, 569 N.E.2d 833 (1991). See also Board of Health v. Hass, 342 Mass. 421, 173 N.E.2d 808 (1961) (business of keeping pigs may be completely prohibited); Moysenko v. Board of Health, 347 Mass. 305, 197 N.E.2d 679 (1964) (if trade or occupation a nuisance or otherwise offensive, the Board of Health has the authority to prohibit the trade or occupation). In this case, however, the Defendants explicitly found that EarthSource's trade or occupation was not a nuisance. See Exhibit 1, pp. 4-6. Despite their findings, the Defendants, seeking to influence the renegotiation of the inter-municipal sewer agreement, prohibited EarthSource from receiving its certificate of occupancy permit which prevented EarthSource from engaging in its occupation and imposing an undue burden on EarthSource's property interests.

11

The Defendants deprived EarthSource of its protected property interests. The Defendants did not deny the Plaintiff a permit, Creative Environments, Inc. v. Estabrook, 680 F.2d 822 (1st Cir. 1982); Chiplin Enterprises, Inc. v. City of Lebanon, 712 F.2d 1524 (1st Cir. 1983) nor did they unnecessarily delay the permitting process, PFZ Properties, Inc. v. Rodriguez, 928 F.2d 28, 31 (1st Cir. 1991). The action taken by the Defendants was much more egregious; the Defendants actions had the effect of an outright prohibition of EarthSource's business without due process of law. The Defendants knowingly and intentionally improperly issued a site assignment in an attempt to usurp the authority of the Sewer Commissioners and to influence the outcome of the renegotiations of the inter-municipal sewer agreement. The motivation behind the Defendants' actions was their desire to improperly influence the renegotiation of the inter-municipal sewer agreement. This conduct goes beyond the run of the mill planning dispute, and in this context, "shocks the conscience".

    C.    EarthSource Has Stated A Claim Upon Which Can Be Granted Under the Massachusetts Civil Rights Act

The Complaint sufficiently sets forth the requisite allegations to establish a claim under the Massachusetts Civil Rights Act ("MCRA"). The MCRA requires a Plaintiff to show that his exercise or enjoyment of rights secured by the Constitution or laws of either the United States or the Commonwealth have been

interfered with, or attempted to be interfered with, and that the interference or attempted interference was by threats, intimidation, or coercion. M.G.L. c. 12, §§11H and 11I. See also Cignetti v. Healy, 89 F.Supp.2d 106, 124 (1st Cir. 2000); Deas v. Dempsey, 403 Mass. 468, 470, 530 N.E.2d 1239, 1240 (1988).

The Complaint alleges that the Defendants used their position as members of the Board of Health to usurp the power of the Sewer Commissioners and to force the renegotiation of the inter-municipal sewer agreement between the Town of Raynham and the City of Taunton. The Court may draw the reasonable inference from this averment that the Board of Health attempted to use the Plaintiff as a political pawn in an effort to influence the renegotiation of the inter-municipal sewer agreement. This action is tantamount to coercion. Buster v. Moore, Inc., 438 Mass. 635, 646-47, 783 N.E.2d 399 (2003) (coercion may take various forms and it is not limited to actual or attempted physical abuse). See also Lebeau v. Town of Spencer, 167 F.Supp.2d 449, 455 (D.Mass. 2001) (moral coercion).