UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 04-10373-REK

EARTHSOURCE, INC.,

        Plaintiff

v.

THE TOWN OF RAYNHAM, GORDON D. LUCIANO, DONALD L. MCKINNON, RAYMOND W. PLATT, individually & as members of the Raynham Board of Health,

        Defendants

REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION TO DEFENDANTS PARTIAL MOTION FOR JUDGMENT ON THE PLEADINGS ON COUNT IV OF THE COMPLAINT PURSUANT TO FED.R.CIV.P.12(C)

I.     INTRODUCTION

In the plaintiff's Opposition to Defendants' Motion for Judgment on the Pleadings on Count IV, the plaintiff raises for the first time a claim that the defendants have taken its property without just compensation. Such claim is not pled in the Complaint and is therefore not properly raised in an opposition to a motion. Nonetheless, the defendants wish to respond to the allegation that their actions have resulted in a taking.

No constitutional taking claim is ripe until the plaintiff has exhausted the remedies afforded by the forum state for a regulatory taking. In Massachusetts, such remedy takes the form of a claim pursuant to Massachusetts General Laws Chapter 79. The plaintiff has not pled that it has commenced, let alone exhausted, an action under Chapter 79. Absent such a demonstration, any claim that the plaintiff's property has been taken without just compensation in violation of the Fifth and Fourteenth Amendment is not ripe and must be dismissed.

II.     FACTS & PROCEDURAL HISTORY

The defendants refer to Section II "Facts and Procedural History" in their Memorandum of Reasons in Support of the Partial Motion for Judgment on the Pleadings on Count IV Pursuant to Fed.R.Civ.P.12(c) and incorporate it as if fully set forth herein.

III.    ARGUMENT

A.      The Takings Claim is Not Alleged Within the Four Corners of the Complaint

The plaintiff did not plead any claim that its property was taken without just compensation within the Complaint. The only paragraph of the Complaint which remotely refers to constitutional property rights is as follows:

> Defendant members of the Board of Health, have knowingly and intentionally, and in bad-faith, acted to deny the plaintiff its unalienable right to enjoy and defend its liberties and to possess and protect its property as provided by Pt. 1 Art. 1 of the Massachusetts Constitution.

Complaint, Paragraph 48. As it is well-established that a constitutional takings claim under the Massachusetts Declaration of Rights lies under Article 10, the plaintiff provided no notice to the defendant in the Complaint that it was asserting a takings claim. See M.B. Claff, Inc. v. Massachusetts Bay Transp. Authority, 441 Mass. 596, 808 N.E.2d 238 (2004); Liberty Square Development Trust v. City of Worcester, 441 Mass. 605, 808 N.E.2d 245 (2004).

The plaintiff now argues that it has been deprived of his property without just compensation in its opposition to the Town's Motion for Judgment on the Pleadings on Count IV. This Court has already stated, however, that "in deciding a motion to dismiss, a court examines the viability of a claim as pleaded within the four corners of the complaint, not as amplified in a …legal brief." Bull HN Information Systems, Inc. v. Hutson, 184 F.R.D. 19, 22 n.5 (D.Mass. 1999). The plaintiff's amplification of a vaguely pled civil rights claim is not

2

appropriate absent a motion to amend the Complaint. As stated below, however, such a motion to amend should be denied as futile because any constitutional takings claim would not be ripe at this time.

### B. The Takings Claim Is Not Ripe

The takings allegation in the Plaintiff's Opposition, even if combined with the allegations of the Complaint, does not state a claim upon which relief may be granted and therefore amendment would be futile. Specifically, the Complaint does not set forth factual allegations to support the conclusory statement that: "[t]he Defendants' actions also constituted a taking, in violation of EarthSource's due process rights." Opposition, p.9.

Well-established federal precedent dictates that a taking claim brought pursuant to the Fifth Amendment to the United States Constitution is not ripe for adjudication until the plaintiff has exhausted State judicial remedies. See Williamson County Regional Planning Commission v. Hamilton Bank, 473 U.S. 172, 194 n.13 (1985); Gilbert v. City of Cambridge, 932 F.2d 51, 63 (1st Cir.), cert. denied 502 U.S. 866 (1991); Marietta Realty, Inc. v. Springfield Redevelopment Authority, 902 F. Supp. 310, 315 (D. Mass. 1995). In the takings context, "no constitutional violation occurs until just compensation has been denied." Williamson, 473 U.S. at 194 n. 13. In Williamson, the United States Supreme Court held that a property owner's claim that the regulation of his property was so onerous that it amounted to a "taking" was premature, because the state provided for an inverse condemnation action to obtain just compensation for private property that had been allegedly taken.[1] Williamson, 473 U.S. at 194. The Court found that a

---

[1] While this case analyzes takings in violation of the Fifth Amendment, the same analysis applies for alleged takings in violation of the Massachusetts Declaration of Rights. No Massachusetts appellate court has determined that Article X of the Massachusetts Declaration of Rights provides a landowner greater or lesser rights than the Fifth Amendment to the United States Constitution, for purposes of takings analysis. Cf. Bromfield v. Treasurer & Receiver Gen., 390 Mass. 665, 668, 459 N.E.2d 445 (1983) (state constitution affords parallel protection to United States Constitution of takings claims); Davidson v. Commonwealth, 8 Mass. App. Ct. 541, 546-547 n.7, 395 N.E. 1314 (1979). As the protection afforded under the state and federal constitutions in this regard is "parallel," no

taking claim is not ripe until petitioners "seek compensation through the procedures that the state has provided for doing so." Id.  If the state "provides an adequate process for obtaining compensation, and resort to that process holds out some realistic promise of yielding just compensation, an owner of property has no cognizable claim against the State in respect to an alleged confiscation."  Gilbert, 932 F.2d at 63, cert. denied, 502 U.S. 866 (1991).

The United States District Court of Massachusetts has recognized that "Mass.Gen.L. ch. 79 provides a means by which a plaintiff may seek redress for an alleged deprivation of property" and "that remedy has been found to be adequate."  Marietta Realty, Inc. v. Springfield Redevelopment Auth., 902 F.Supp. 310,  313 (D.Mass. 1995).  In Marietta, the defendant had made an announcement that the plaintiff's property would be taken, but the defendant then failed to execute the acquisition.  The plaintiff brought claims under 42 U.S.C. §1983 and §1985, claiming that the property had been taken due to the decrease in its value.  The Court decided that, as the plaintiff had failed to pursue G.L. c. 79, the holding in Williamson barred the constitutional claims.  Id.

As in Williamson and Marietta, the plaintiff here claims that the decision of a public authority has effectively taken its property, but the plaintiff has failed entirely to pursue the remedies provided to it by G.L. c. 79, a comprehensive statutory scheme allowing property owners to pursue compensation for property allegedly taken.  Under these circumstances, the holding in Williamson clearly controls.  That holding bars a plaintiff from bypassing the judicial procedure created by the Legislature for the award of compensation for a taking by attempting to bring a takings claim pursuant to the U.S. or State Constitutions.  Accordingly, the plaintiff's claim for a taking must be dismissed for lack of ripeness.

---

distinguishable state law standard or analysis exists.  In short, regardless of whether the plaintiff's taking claim is based upon the state or federal constitutions, the analysis, and more importantly, the outcome, is the same.

IV.     CONCLUSION

WHEREFORE, the defendants respectfully renew their request that this Honorable Court dismiss the Count IV of the Complaint against them.

>                           DEFENDANTS,
>
>                           By their attorneys,
>
>                           /s Katharine Goree Doyle
>                           Mark R. Reich (BBO #553212)
>                           Joseph L. Tehan, Jr. (BBO# 494020)
>                           Katharine Goree Doyle (BBO# 634131)
>                           Kopelman and Paige, P.C.
>                           31 St. James Avenue
>                           Boston, MA 02116
>                           (617) 556-0007

233816/METG/0532