UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| EARTHSOURCE, INC., <br> Plaintiff <br> <br> v. <br> <br> THE TOWN OF RAYNHAM, <br> GORDON D. LUCIANO, <br> DONALD L. MCKINNON, and <br> RAYMOND W. PLATT, <br> individually & as members of the <br> Raynham Board of Health, <br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CIVIL ACTION <br> NO. 04-10373-REK |

**Memorandum and Order**
December 1, 2004

**I. Pending Matters**

Currently pending before this court are matters related to the following filings:

(1) Defendants' Partial Motion for Judgment on the Pleadings on Count IV of the Complaint Pursuant to Fed.R.Civ.P.12(c) (Docket No. 14) (filed September 30, 2004);

(2) Memorandum of Reasons in Support of Defendants' Partial Motion for Judgment on the Pleadings on Count IV of the Complaint Pursuant to Fed.R.Civ.P.12(c) (Docket No. 15) (filed September 30, 2004);

(3) Plaintiff's Opposition to Defendants' Motion for Judgment on the Pleadings on Count IV of the Complaint Pursuant to Fed.R.Civ.P.12(c) (Docket No. 17) (filed October 14, 2004);

(4) Defendants' Motion for Leave to File Additional Papers in Support of Their Motion for Judgment on the Pleadings on Count IV Pursuant to Local Rule 7.1(B)(3) (Docket No. 18) (filed November 16, 2004); and

(5) Reply Memorandum to Plaintiff's Opposition to Defendants' Partial Motion for Judgment on the Pleadings on Count IV of the Complaint Pursuant to Fed.R.Civ.P.12(c) (Docket No. 19) (filed November 16, 2004).

## II. Procedural and Factual History

This case was originally filed in the Superior Court of the State of Massachusetts. Notice of removal was filed on February 25, 2004. (Docket No. 1) An answer was filed on March 17, 2004. (Docket No. 5)

The case centers on the issuance of a site assignment by the Raynham Board of Health. That site assignment prohibits the granting of an occupancy permit to the plaintiff Earthsource, Inc., for the operation of a yet-to-be-built waste water treatment plant. Earthsource has filed suit contesting the validity of the site assignment and alleging infringement of its civil rights. Earthsource has alleged violations of its rights under the Fourteenth Amendment of the United States Constitution, the Massachusetts Constitution, the Massachusetts Declaration of Rights, and the Massachusetts Civil Rights Act ("MCRA").

The defendants seek a judgment on the pleadings dismissing Earthsource's claim under Count IV of its complaint that its civil rights have been violated. The specific rights that are at issue are Earthsource's right to procedural and substantive due process under the Fourteenth Amendment of the United States Constitution and the Massachusetts Declaration of

Rights; its right to equal protection under the Fourteenth Amendment, the Massachusetts Constitution, and the Massachusetts Declaration of Rights, and its rights as protected by the MCRA.

### III. Standard of Review

"Under rule 12(c) the district court must accept all of the non-movant's well-pleaded factual averments as true and draw all reasonable inferences in [his or] her favor." Santiago de Castro v. Morales Medina, 943 F.2d 129, 130 (1st Cir. 1991) (citation and quotation omitted). In addition, "judgment may not be entered on the pleadings unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [his or her] claim which would entitle [him or her] to relief[.]" Id. (citations and quotations omitted).

### IV. Analysis of Issues

**A. Introduction**

This Rule 12(c) motion centers on the following issues: (1) Does the existence of state post-deprivation procedures preclude the plaintiff's procedural due process claims? (2) Has the plaintiff alleged facts that constitute a colorable claim of a deprivation of substantive due process? (3) Has the plaintiff alleged the existence of differently treated, similarly-situated individuals so as to state an equal protection claim? (4) Has the plaintiff been threatened, intimidated, or coerced in such a way as to support a suit pursuant to the MCRA? (5) In light of the facts alleged by the plaintiff, are the defendants immune from suit under the MCRA?

**B. Leave to File**

3

As a preliminary matter, defendants' motion for leave to file (Docket No. 18) is granted.

**C. Procedural Due Process**

The defendants argue that since an adequate post-deprivation remedy exists under state law, I must dismiss plaintiff's claim insofar as it stems from a denial of procedural due process under Article 10 of the Massachusetts Declaration of Rights and the Fourteenth Amendment. The procedural due process protections under the federal and state constitutions are co-extensive. See Doyle v. Department of Indus. Accidents, 734 N.E.2d 1187, 1191 (Mass. App. Ct. 2000). The defendants' argument is correct, so I must dismiss the plaintiff's procedural due process claims. See Burnham v. City of Salem, Mass., 101 F.Supp.2d 26, 35 (D.Mass. 2000)(Keeton, J.) ("The failure on plaintiffs' part to allege the absence of adequate state court remedies is alone enough to require judgment for the defendants on the procedural due process claim.").

**D. Substantive Due Process**

The substantive due process protection provided by applicable provisions of the Massachusetts Constitution and Declaration of Rights and the Fourteenth Amendment are comparable, although in some instances the Massachusetts Constitution and Declaration of Rights have been found to be more protective. See Blue Hills Cemetery, Inc. v. Board of Registration in Embalming and Funeral Directing, et al., 379 Mass. 368, 373 n.8, 398 N.E.2d 471, 475 n.8 (1979). Since the plaintiff has not argued that Massachusetts provides additional protection in this context, however, and has in fact argued that the analysis is identical, I will treat the two

provisions as providing the same protection. See Wasserman v. Registrar of Motor Vehicles, 18 Mass.L.Rptr. 259, 2004 WL 2049771, *6 n.9 (Mass.Super. 2004).

> Under two theories a party can claim a violation of substantive due process:
>
> Under the first, a plaintiff must demonstrate a deprivation of an identified liberty or property interest protected by the Fourteenth Amendment. Under the second, a plaintiff is not required to prove the deprivation of a specific liberty or property interest, but, rather, he must prove that the state's conduct "shocks the conscience."

Cruz-Erazo v. Rivera-Montanez, 212 F.3d 617, 622 (1st Cir. 2000).

Under First Circuit precedent, the actions of the Board simply do not amount to a substantive due process violation. In PFZ Properties, Inc. v. Rodriguez, 928 F.2d 28 (1st Cir. 1991), the Regulations and Permits Authority of the Commonwealth of Puerto Rico ("ARPE") denied a building permit to the plaintiff, PFZ Properties ("PFZ"). PFZ had previously received approval for its preliminary plans from the Planning Board of Puerto Rico. Id. at 29. Preliminary plans for part of the project were approved by the ARPE. Id. The ARPE never issued an approval. Id. at 30. PFZ filed suit over the inaction of the ARPE. Id. The ARPE subsequently informed that the previous approvals given to PFZ were no longer in effect. Id. PFZ filed a suit in federal court claiming that "ARPE's failure and continued refusal to process the construction drawings have deprived PFZ of its rights to procedural and substantive due process under the Fourteenth Amendment to the United States Constitution." Id. The trial court found against PFZ. Id. On appeal, the First Circuit, in addressing PFZ's claim that "ARPE violated its rights to substantive due process when ARPE arbitrarily or capriciously refused to process its approved construction drawings[,]" found against the plaintiff. Id. The court held "that rejections of

development projects and refusals to issue building permits do not ordinarily implicate substantive due process." Id. at 31.  The court noted it had previously held in other cases that a "mere bad faith refusal to follow state law in such local administrative matters simply does not amount to a deprivation of due process where the state courts are available to correct error" and that "property is not denied without due process simply because a local planning board rejects a proposed development for erroneous reasons or makes demands which arguably exceed its authority under the relevant state statutes." Id. at 32 (citations and quotations omitted).  Given those cases, the First Circuit held that "[e]ven assuming that ARPE engaged in delaying tactics and refused to issue permits for the Vacia Talega project based on considerations outside the scope of its jurisdiction under Puerto Rico law, such practices, without more, do not rise to the level of violations of the federal constitution under a substantive due process label." Id.

   The plaintiff's attempt to distinguish this case from cases such as PFZ is simply unconvincing.  The plaintiff attempts to argue that the Nuisance Statute does not give the board authority to issue the site assignment for the reasons it acted upon in the case at bar.  As noted in PFZ, the board's acting outside the scope of its jurisdiction, does not, alone, "rise to the level of the violations of the federal constitution under a substantive due process label." Id.  Therefore, the plaintiff's federal and state substantive due process claims must be dismissed.

   A subsequent dispute has arisen concerning whether the plaintiff has pled a taking of his property without just compensation.  I conclude that the plaintiff has pled only the outright taking of the value of his property as an example of a property right infringed upon in violation of his substantive due process.  For the reasons stated above, it is not necessary to rule on this

alleged deprivation under the substantive due process rubric. In addition, insofar as the alleged taking in this case is still being reviewed, no ripe claim of a taking exists.

**E. Equal Protection**

The arguments pertaining to the possible dismissal of the plaintiff's Fourteenth Amendment equal protection claim are not well developed. The defendants give approximately one sentence to the issue and the plaintiff ignores it entirely. The defendants argue that since the plaintiff does not allege that any similarly situated individuals are treated differently, its claim must be dismissed. "For the purpose of equal protection analysis, our standard of review under the cognate provisions of the Massachusetts [Constitution] is the same as under the Fourteenth Amendment to the Federal Constitution." MacInnes v. Commissioner of Public Welfare, 593 N.E.2d 222 (Mass. 1992).

The defendants' one sentence argument has merit. See Donovan v. City of Haverhill, 311 F.3d 74, 77 (1st Cir. 2002) (quoting Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)). But, the defendants' pleading hardly puts the plaintiff on sufficient notice to answer the argument or take remedial action. I will dismiss the defendants' pleading insofar as it touches upon the plaintiff's equal protection claims, with leave to refile.

**F. State Claims**

In light of my dismissal of most of the plaintiff's federal claims and the possibility that all of the federal claims will be dismissed, I will decline the defendants' motion as it applies to plaintiff's state claims as not ripe for review. Since a possibility exists that I will dismiss all of the plaintiff's federal claims, I will order the parties to address whether I should remand the case.

**ORDER**

For the foregoing reasons, it is ORDERED:

(1) Defendants' Motion for Leave to File Additional Papers in Support of Their Motion for Judgment on the Pleadings on Count IV Pursuant to Local Rule 7.1(B)(3) (Docket No. 18) is ALLOWED;

(2) Defendants' Partial Motion for Judgment on the Pleadings on Count IV of the Complaint Pursuant to Fed.R.Civ.P.12(c) (Docket No. 14) is ALLOWED in part and DENIED in part; and

(3) The plaintiff's federal and state procedural and substantive due process claims are DISMISSED with prejudice.

    /s/Robert E. Keeton
Robert E. Keeton
Senior United States District Judge